UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __11-20092-CR-MARTINEZ/BROWN__

UNITED STATES OF AMERICA

vs.

HARP USA INC.,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter the "United States" or "government") and Harp USA Inc. (hereinafter the "defendant" or "Harp") enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

I.    Guilty Plea

A.    The defendant agrees to plead guilty to the one-count Information filed against it. Count 1 of the Information charges the defendant with violating Title 18, United States Code, Section 542, for willfully and knowingly entering and introducing, and attempting to enter and introduce, into the commerce of the United States, through Customs Entry Number U14-0067849-0, imported merchandise, that is, approximately 1,874 cylinders of the refrigerant gas HCFC-22, by means of a false and fraudulent invoice, declaration, affidavit, letter, paper, and statement, to wit: Customs Warehouse Entries, Customs Consumption Entries and accompanying Petition to Import Reclaimed R-22, a Used Class II Substance, which documents were false and fraudulent in that said documents falsely represented the source facility information, previous uses, source equipment, and claimed the merchandise was reclaimed refrigerant gas from a single source.

*Exhibit #3*

B.	The defendant agrees to waive Indictment by a Grand Jury and agrees to admit that it is in fact guilty of the felony offense charged in the Information.

II.	Corporate Authorization and Organizational Changes

A.	The defendant will provide to the United States written evidence in the form of a resolution of the Board of Directors with corporate seals, certifying that Harp is authorized to plead guilty to the felony offense set forth in the Information, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that Bryan Davies, who is the Secretary and Treasurer, is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the Harp Board of Directors, required for such authorization, have been observed. The defendant agrees that Bryan Davies shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

B.	At all relevant times, the defendant was a Florida corporation in good standing. Harp is a wholly owned subsidiary of Harp Overseas Limited, a United Kingdom Private Limited Company, which is a wholly owned subsidiary of Harp International Limited and is a supplier of refrigerant gas in the United States. Harp expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

III. <u>Sentencing Guidelines and Penalties</u>

A. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in Section I.A and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

B. The parties agree that the maximum amount of the fine which may be imposed under the statute charged for Count 1 is the greatest of: twice the gross pecuniary gain or gross loss resulting from the offense, pursuant to Title 18, United States Code, Section 3571(d); or $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3). In addition, the defendant understands

and agrees that it may be subject to a term of probation of not more than five years with respect to Count 1. Title 18, United States Code, Section 3561(c)(1).

C. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $400 per count of conviction will be imposed on the defendant, payable to the "Clerk, United States District Court" at the time of sentencing. Title 18, United States Code, Section 3013(a)(2)(B).

D. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, is a prediction, not a promise, and is not binding on the United States, the probation office or the court. The defendant further understands that any recommendation that the United States makes to the court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in Section III.A. above, that the defendant may not withdraw its plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

E. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendations as to the quality and quantity of punishment.

IV.     Sentence Recommendation

The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend to the court that under the advisory Sentencing Guidelines the following findings and conclusions would correctly represent the calculation of a reasonable and appropriate sentence. Further, neither party shall adopt nor argue any position with respect to sentencing in this matter contrary to the following recommendations:

A. The parties agree to recommend that the defendant be placed on organizational probation for a period of three years;

B. The parties agree to recommend that as a special condition of probation that the defendant will establish, implement, and enforce an Environmental Compliance Plan (hereinafter referred to as the "ECP") consistent with Sentencing Guidelines Section 8B2.1. The defendant further agrees that it shall not seek early termination of probation until such time as all obligations of this plea agreement are satisfied and the ECP has been fully implemented for a continuous two year period commencing at such time as the defendant certifies that the ECP is first fully implemented;

C. The parties agree that pursuant to Title 18, United States Code, Section 3571 and in consideration of the factors enumerated in Title 18, United States Code, Section 3572, imposition of a criminal fine of $206,140.00 USD, payable in full to the "Clerk, United States District Court" at the time of sentencing is appropriate under the relevant circumstances of this case.

D. In addition, the defendant agrees to perform community service pursuant to the Sentencing Guidelines §8B1.3 and in furtherance of satisfying the sentencing

principles enumerated in Title 18, United States Code, Section 3553(a). Accordingly, the parties agree to recommend that the defendant pay a total of $25,000.00 USD to the Southern Environmental Enforcement Training Fund, Inc. (hereinafter "SEETF"), to be paid in full at the time of sentencing. The SEETF was created in 1997 as a 501(c)(3) charitable, not-for-profit training organization that is authorized to receive and administer donations and contributions in support of the Southern Environmental Enforcement Network (hereinafter "SEEN"). SEEN is a 501(c)(6) not-for-profit business league corporation and is a regional alliance of environmental regulatory and law enforcement agencies from 12 southern states created to provide formal environmental training and information sharing opportunities for state and local enforcement personnel. The monies from this community service payment will be used specifically for training and equipment related to ozone depleting substances, including at ports and other points of entry throughout its regional alliance. Because this payment is designated as community service by an organization, the defendant further agrees that it will not seek any reduction in its tax obligation as a result of this community service payment. In addition, since this payment is community service as part of the total fine amount agreed upon in the plea agreement, the defendant will not characterize, publicize, or refer to this community service payment as a voluntary donation or contribution.

E. Upon acceptance of its plea of guilty by the Court, the defendant knowingly and voluntarily agrees and consents to the entry of a money judgment against it as part of its sentence in this cause in the amount of $206,140 in United States currency,

which is a sum of money equal in value to the proceeds traceable to the commission of the violation to which the defendant will plead guilty. The defendant knowingly and voluntarily agrees to waive any claim or defense it may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the entry and satisfaction of a money judgment in the amount of $206,140 in United States currency as part of its sentence in this cause. Additionally, the defendant knowingly and voluntarily agrees to waive any and all right to appeal any ruling or order of the Court that it would otherwise be entitled to exercise with respect to the entry and satisfaction of a money judgment against it as part of its sentence in this cause in the amount of $206,140 in United States currency.

F. The parties further agree to jointly recommend, as a special condition of probation, to reimburse the U.S. Customs and Border Protection (hereinafter "CBP"), for costs incurred in the handling and storage of the approximately 1,874 cylinders of illegally imported merchandise in Customs Entry Number U14-0067849-0, in the amount of $3,465.44 payable to VSE/U.S. Treasury (reference 2011-5201-000062-01) at the time of sentencing. Upon entering the guilty plea and satisfying the requirements in the plea including payment of storage costs, the merchandise will be released to the defendant for export only. Defendant will provide to CBP a contact name and the shipping information 48 hours prior to export. Proof of export must be provided to the Probation Office in the Southern District of Florida, the United States Attorney's Office for the Southern District of Florida, the Environmental Protection Agency, Criminal Investigation Division - Miami Field Office, and the Department of

       Homeland Security, Immigration & Customs Enforcement - Miami Field Office within 72 hours of export.

G.    The parties agree to jointly recommend that the sentence be imposed according to the terms of this agreement without the need for a Pre-Sentence Investigation and Report. The defendant hereby specifically waives its right to a Pre-Sentence Investigation and Report, including the right to review such a report in advance of sentencing, so that sentence may be imposed immediately following defendant entering its guilty plea.

V.    <u>Additional Liability</u>

The United States agrees that in return for the defendant's representations and undertakings in this agreement, the United States will not file additional criminal charges against it in the Southern District of Florida for violations associated with the importation of used or reclaimed HCFC-22 in the Southern District of Florida, disclosed and known to the United States, as of the date of the signing of this plea agreement. This plea agreement does not provide or promise any waiver of any other criminal, civil, or administrative actions that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

VI.    <u>Express Waiver of Right to Appeal Guilty Plea and Sentence</u>

The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum

permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the United States's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that it has discussed the appeal waiver set forth in this agreement with its attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

VII. Binding Final Agreement

This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

DATE: 2/11/11    By: _____
Jodi A. Mazer
SPECIAL ASSISTANT U.S. ATTORNEY

**REPRESENTATIVES OF DEFENDANT**

DATE: 4/11/11    By: _____
ERIC CORNGOLD, ESQ.
ATTORNEY FOR DEFENDANT

DATE: 2/11/11    By: _____
BRYAN DAVIES, SECRETARY AND
TREASURER for
HARP USA INC.
DEFENDANT